**Form B1, p.1 (01/08)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **District of** ILLINOIS | |

| Name of Debtor(if individual, enter Last, First, Middle): Whisenton, Hilda F. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the debtor in the last 8 years (include maiden and trade names): | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):    0406 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City and State): 1206 West 83rd Street Apartment 302 Chicago IL    ZIP CODE 60620 | Street Address of Joint Debtor (No. & Street, City and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

| Type of Debtor (Form of Organization) (Check one box) | Nature of Business (Check all applicable boxes) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Tax-Exempt Entity** (Check box, if applicable.)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (*the Internal Revenue Code*).

**Nature of Debts (check one box)**
☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
☒ Full Filing Fee attached
☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).
**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders of affiliates) are less than $2,190,000.

**Check all applicable boxes:**
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**    THIS SPACE FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors

| Estimated number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Form B1, p.2 (01/08)**                    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Whisenton, Hilda F. |

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: | Case Number | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 134 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.   I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | /s/ Thayer C. Torgerson                06/17/2008 |
| | Signature of Attorney for Debtor(s).            Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made part of this petition.

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:

Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).

Form B1, p.3 (01/08)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| Voluntary Petition<br>  *(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Whisenton, Hilda F. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter title 11, United States Code, specified in this petition.

X _/s/ Hilda F. Whisenton_____
  Signature of Debtor

X_____
  Signature of Joint Debtor

  Telephone Number (If not represented by attorney)

_____ 06/17/2008____
                           Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correc, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐     I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐     Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

  (Printed Name of Foreign Representative)

06/17/2008_____
Date

### Signature of Attorney

X _/s/ Thayer C. Torgerson_____
  Signature of Attorney for Debtor(s)
  Printed Name of Attorney for Debtor(s)
Thayer C. Torgerson 6204662
  Firm Name
Law Office of Thayer C. Torgerson
  Address
2400 North Western Avenue, # 205
Chicago, Illinois 60647
  Telephone Number
773-772-0844
  Date 06/17/2008
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor(Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
  Signature of Authorized Individual

  Printed Name of Authorized Individual

  Title of Authorized Individual

  Date 06/17/2008___

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this coument and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.)
Address

X _____
Date 06/17/2008
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Form B1, Exhibit D (10/06) Page 1    **Blumberg** Excelsior. Publisher. NYC 10013

# UNITED STATES BANKRUPTCY COURT

### District of  ILLINOIS

In re  Whisenton, Hilda F.                                    Case No.

                                                                              (if known)
    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

Whisenton, Hilda F.

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

 Form B1, Exhibit D (10/06) Page 2    **Blumberg** Excelsior, Publisher, NYC  10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling breifing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the developed through the agency. Any extension of the 30-day deadline can be granted only 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Hilda F. Whisenton
                        Whisenton, Hilda F.

Date: 06/17/2008

Certificate Number: 01267-ILN-CC-004189503

# CERTIFICATE OF COUNSELING

I CERTIFY that on June 10, 2008 _____, at 11:46 _____ o'clock AM CDT _____,

Hilda F Whisenton _____ received from

Money Management International, Inc. _____.

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Northern District of Illinois _____, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared _____. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by telephone _____.

Date: June 10, 2008 _____

By     /s/Ashley Lowrance _____

Name   Ashley Lowrance _____

Title  Counselor I _____

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Form B6 SUM  (12/07)    Blumberg® ...tor, Inc., PUBLISHER, NYC 10013

# UNITED STATES BANKRUPTCY  COURT

## DISTRICT OF  ILLINOIS

In re: Whisenton, Hilda F.

Debtor(s)    Case No.
Chapter

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in  the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data"  if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|:---:|:---:|---:|---:|---:|
| A - Real Property | x | 1 | 0.00 | | |
| B - Personal Property | x | 5 | 8606.00 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 5999.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 3 | | 19,592.34 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I  - Current Income of Individual Debtor(s) | x | 1 | | | 2420.05 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 2440.00 |
| Total Number of Sheets of All Schedules | | 16 | | | |
| Total Assets | | | 8606.00 | | |
| Total Liabilities | | | | 25591.34 | |

Form B6, S2, (12/07)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**United States Bankruptcy Court**
**District Of** ILLINOIS

In re: Whisenton, Hilda F.
                                                    Debtor(s)        Case No.

                                                                      Chapter

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 5,999.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 2,678.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 8,677.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I Line 16) | $ 2420.05 |
| Average Expences (from Schedule J, Line 18) | $ 2440.00 |
| Current Monthly Income (from Form 22A Line 12; **OR** Form 22B Line 11; **OR,** Form 22C Line 20) | $ 3,541.06 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $ 0.00 |
| 2. Total fromSchedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $ 5,999.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 19,592.34 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $ 19,592.34 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

**Form B6 A  (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:Whisenton, Hilda F.                                        Debtor(s)  Case No.                        (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total -> | $0.00 | (Report also on Summary of Schedules) |

Form B6 B  (12/07)    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Whisenton, Hilda F.                                    Debtor(s)    Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | Cash on hand | | 6.00 |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | x | | | |
| 03 Security Deposits with public utilities telephone companies landlords and others. | | Secuirty Deposit | | 1,000.00 |
| 04 Household goods and furnishings including audio video and computer equipment. | | Household Furniture | | 400.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | x | | | |
| 06 Wearing apparel. | | Clothing | | 200.00 |
| 07 Furs and jewelry. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   1,606.00

_____ Continuation sheets attached

Form B6 B **(12/07)**
Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Whisenton, Hilda F.                                  Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 08 Firearms and sports photographic and other hobby equipment. | x | | | |
| 09 Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10 Annuities. Itemize and name each issuer. | x | | | |
| 11 Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | Retirement Plan through work | | 7,000.00 |
| 12 Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | x | | | |
| 13 Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   8,606.00

_____ Continuation sheets attached

Form B6 B (12/07)    BlumbergExcelsior, Inc., Publisher, NYC 10013

In re:  Whisenton, Hilda F.                          Debtor(s)     Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14 Interest in partnerships or joint ventures. Itemize. | x | | | |
| 15 Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16 Accounts receivable. | x | | | |
| 17 Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18 Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 19 Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | x | | | |
| 20 Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total -> | 8,606.00

_____ Continuation sheets attached

Form B6 B  (12/07)    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Whisenton, Hilda F.                                    Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 22 Patents copyrights and other general intellectual property. Give particulars. | x | | | |
| 23 Licenses franchises and other general intangible. Give particulars. | x | | | |
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | x | | | |
| 25 Automobiles trucks trailers and other vehicles and accessories. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    8,606.00

_____ Continuation sheets attached

**Form B6 B  (12/07)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Whisenton, Hilda F.                                    Debtor(s)     Case No.                          (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26 Boats motors and accessories. | x | | | |
| 27 Aircraft and accessories. | x | | | |
| 28 Office equipment furnishings and supplies. | x | | | |
| 29 Machinery fixtures equipment and supplies used in business. | x | | | |
| 30 Inventory. | x | | | |
| 31 Animals. | x | | | |
| 32 Crops-growing or harvested. Give particulars. | x | | | |
| 33 Farming equipment and implements. | x | | | |
| 34 Farm supplies chemicals and feed. | x | | | |
| 35 Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    8,606.00

_____ Continuation sheets attached

Form B6 C (12/07)   BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                                    Debtor(s)  Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor claims the exemptions to which debtor is entitled under:**

☐ Check if debtor claims a homestead exemption that exceeds $136,875

☐ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on hand | 735 ILCS 5/12-1001(b) | 6.00 | 6.00 |
| Secuirty Deposit | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| Household Furniture | 735 ILCS 5/12-1001(b) | 400.00 | 400.00 |
| Clothing | 735 ILCS 5/12-1001(a) | 200.00 | 200.00 |
| Retirement Plan through work | 735 ILCS 5/12-1006 | 7,000.00 | 7,000.00 |

Form B6 D  (12/07)   Brumberg Excelsior, Inc., Publisher, NYC 10013

In re: **Whisenton, Hilda F.**                                                    Debtor(s)   Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[x]  Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | C O D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| | | | Subtotal -> (Total of this page) | | | |
| | | | Total -> | | | |

_____   Continuation Sheets attached. (use only on last page of the completed Schedule D.)

(Report total also on
Summary of Schedules)

(If applicable,
Report also on
Statistical Summary
of Certain
Liabilities and
Related Data.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

**Form B6 E  (12/07)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F. _____    Debtor(s)    Case No. _____ (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $10,950 per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $5400 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $2425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

☐ **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(8)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deathe or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intocicated from using alcohol, a drug, or another substance 11 U.S.C.  § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | C O D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D * |
|---|---|---|---|---|---|---|---|
| A/C# 5204 | | | | 5,999.00 | 5,999.00 | | |
| Social Security Administratio 6401 Security Blvd Woodlawn, MD 21235 | | | 04/2003 to 05/2008 Overpayment | | | 0.00 | |
| | | | Total -> | | | | |
| | | | | | Total -> | | |
| | | | | | | | |

Continuation Sheets attached.

| | Subtotal -> (Total of this page) | 5,999.00 | 5,999.00 |
|---|---|---|---|
| (Use only on last page of the completed Schedule E. (Report total also on Summary of Schedules.)    Total -> | | 5,999.00 | 0.00 5,999.00 |
| (Use only on last page of the completed Schedule E.) If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    Total -> | | | 0.00 |

**Form B6 F (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                                    **Debtor(s)**        **Case No.**                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 0601<br>A All Payday Loan<br>8261 Belmont Avenue<br>River Grove, IL 60171 | | | 02/2008 to 06/2008<br>Personal Loan | | 900.00 |
| 1812<br>Atlantic Credit<br>2727 Franklin Road<br>Roanoke, VA 24014 | | | 03/2007 to 04/2008<br>Collection Agent for HSBC | | 738.00 |
| 4820<br>Bank of America<br>801 N. 11th Street<br>St. Louis, MO 63101 | | | 10/2004 to 04/2008<br>Credit card purchases | | 3,536.00 |
| 8755<br>Capital One<br>P.O. Box 85015<br>Richmond, VA 23285 | | | 09/2005 to 05/2008<br>Credit card purchases | | 1,814.00 |
| 2004<br>Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | | | 12/2004 to 05/2008<br>Credit card purchases | | 1,207.00 |
| 2099<br>Citi Financial<br>P.O. Box 6241<br>Sioux Falls, SD 57117 | | | 01/2007 to 05/2008<br>Personal Loan | | 1,020.00 |

X
___    continuation sheets attached.

Subtotal $ 9,215.00

Total $ 9,215.00

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 F (12/07)**     **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                          **Debtor(s)**          **Case No.**                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 8242<br>Credit Protection Associa<br>13355 Noel Road<br>Suite 2100<br>Dallas, TX 75240 | | | 02/2003 to 06/2003<br>Collection Agent for<br>Comcast | | 95.00 |
| 1102<br>Illinois Collection Servi<br>8231 185th Street<br>Suite 100<br>Tinley Park, IL 60487 | | | 07/2007 to 11/2007<br>Collection Agent for<br>Advocate Trinity Hospital | | 282.00 |
| 4817<br>Illinois Collection Servi<br>8231 185th Street<br>Suite 100<br>Tinley Park, IL 60487 | | | 01/2004 to 06/2007<br>Collection Agent for<br>Advocate Trinity Hospital | | 259.00 |
| 2442<br>LVNV Funding LLC<br>P.O. Box 10584<br>Greenville, SC 29603 | | | 10/2007 to 05/2008<br>Collection Agent for GE<br>Capital JcPenny | | 675.00 |
| 0406<br>Loan Machine<br>1909 W. 87th Street<br>Chicago, IL 60620 | | | 08/2007 to 05/2008<br>Personal Loan | | 900.34 |
| 7135<br>Medical Collection<br>725 S. Wells Avenue<br>Suite 700<br>Chicago, IL 60607 | | | 01/2005 to 01/2007<br>Collection Agent for<br>Evergreen Medical | | 168.00 |

X
___ continuation sheets attached.

Subtotal  $  2,379.34

Total  $  11,594.34

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 F (12/07)**   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                          **Debtor(s)**          **Case No.**                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 3344<br>Merrick Bank<br>P.O. Box 5000<br>Draper, UT 84020 | | | 06/2006 to 11/2007<br>Credit card purchases | | 1,123.00 |
| 2644<br>NCO Fin/55<br>P.O. Box 13570<br>Philadelphia, PA 19101 | | | 09/2002 to 07/2007<br>Collection Agent for Illinois Department | | 311.00 |
| 08 SC 1253<br>Prairie Trail Credit Unio<br>2350 W McDonough St<br>Joliet IL 60436 | | | 04/2008<br>Judgment | | 3,701.00 |
| 0227<br>Sallie Mae Servicing<br>1002 Arthur Drive<br>Lynn Haven, FL 32444 | | | 02/1987 to 03/2008<br>Student Loan | | 2,678.00 |
| 1769<br>West Asset Management<br>2703 N. Highway 75<br>Sherman, TX 75090 | | | 01/2008 to 03/2008<br>Collection Agent for AT&T | | 185.00 |
| | | | | | |

_____ continuation sheets attached.

Subtotal $ 7,998.00

(Use only on last page of the completed Schedule F.)     Total $ 19,592.34
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 G (12/07)**            **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                                    Debtor(s)    Case No.                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
|  |  |

**Form B6 H  (12/07)**     **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:    Whisenton, Hilda F.                              Debtor(s)   Case No.                    (if known)

# SCHEDULE H - CODEBTORS

[X]  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Form B6 I  (12/07)
**Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.                                          Debtor(s)  Case No.                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status | RELATIONSHIP | AGE |
| Single | Ronece Harland | 14 |
| | Corey Harland | 18 |

| **Employment** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation  Machine Operator | | |
| Name of Employer  Recycled Paper Greeting, Inc | | |
| How long employed  7 years | | |
| Address of Employer  2501 Bond Street  University Park, IL | | |

INCOME: (Estimate of average monthly income at time case filed)                    DEBTOR          SPOUSE

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | 3541.06 | |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | 3541.06 | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 795.47 | |
| b. Insurance | 100.05 | |
| c. Union dues | | |
| d. Other (Specify) | | |
| 401(k) | 225.49 | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1121.01 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2420.05 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | |
| 11. Social security or other government assistance (Specify) | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify) | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2420.05 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 2420.05 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Form B6 J  (12/07)**        **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:  Whisenton, Hilda F.                          Debtor(s)  Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The monthly average incomecalculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

1.  Rent or home mortgage payment  (include lot rented for mobile home)                                     $      650.00
    a.  Are real estate taxes included? ☐ Yes ☒ No        b. Is property insurance included?  ☐ Yes ☒ No

2.  Utilities  Electricity and Heating Fuel _____                                              200.00
    b.  Water and Sewer _____
    c.  Telephone _____                                                              150.00
    d.  Other

3.  Home maintenance (repairs and upkeep) _____
4.  Food _____                                                                                      600.00
5.  Clothing _____                                                                                 150.00
6.  Laundry and dry cleaning _____                                                                100.00
7.  Medical and dental expenses _____                                                              75.00
8.  Transportation (not including car payments) _____                                            240.00
9.  Recreation, clubs and entertainment, newspapers, magazines, etc. _____                       125.00
10.  Charitable contributions _____                                                               75.00
11.  Insurance (not deducted from wages or included in home mortgage payments)
    a.  Homeowner's or renter's _____
    b.  Life _____
    c.  Health _____
    d.  Auto _____
    e.  Other

12.  Taxes (not deducted from wages or included in home mortgage payments)
    (Specify)

13.  Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
    a.  Auto _____
    b.  Other _____
    c.  Other _____
        Student Loan                                                                            75.00

14.  Alimony, maintenance, and support paid to others _____
15.  Payments for support of additional dependents not living at your home _____
16.  Regular expenses from operation of business, profession, or farm (attach detailed statement)
17.  Other

18.  TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and,                    $      2440.00
    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)
19.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year
    following the filing of this document:

20.  STATEMENT OF MONTHLY NET INCOME
    a. Average monthly income from line 15 of Schedule I _____
    b. Average monthly expenses from Line 18 above _____
    c. Monthly net income (a. minus b.) _____                                        0.00

Form B6 Cont. (12-07)          **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.

Debtor(s)   Case No. _____   (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 2.)

Date __06/17/08__          Signature _/s/ Hilda F. Whisenton_____
                                                     Whisenton, Hilda F.          Debtor

Date_____          Signature_____
                                                                                          (Joint Debtor, if any)

*(If joint case, both spouses must sign.)*

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by
                                                                                                                             11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address:

X_____          _____
   Signature of Bankruptcy Petition Preparer                                              Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. §110; 18 U.S.C. §156.**

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 17 _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
**(Total shown on summary page plus 1.)**

Date _____          Signature _____

                                                                      (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. §§ 152 and 3571.

 Form 7 Stmt of Financial Affairs (12/07)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS
### UNITED STATES BANKRUPTCY COURT

DISTRICT OF ILLINOIS

In re:  Whisenton, Hilda F.

Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. Sec, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Questions 19-25. If the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINATIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, orowner of 5 percent or more of the voting or equity securities of a corporation; a partner other than a limited partner, of a partnership, a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

NONE

|  |  |

## 01 INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment trade or profession or from operation of the debtor's business including part-time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains or has maintained financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|--------|---------|
| 19475.83 | 2008 Income |
| 38661 | 2007 Income |
| 35000 | 2006 Income |



NONE
|X|  02 INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the amount of income received by the debtor other than from employment trade profession operation of the debtor's business during the two years immediately preceeding the commencement of this case. Give particulars. If a joint petition is filed state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|  03A PAYMENTS TO CREDITORS

List all payments on loans installment purchases of goods or services and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|  03B PAYMENTS TO CREDITORS

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|  03C PAYMENTS TO CREDITORS

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE ☐

**04A SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Prairie Trail Credit Union v. Whisenton 08 SC 1253 | Collection | Circuit Court of Will County, Illinois | Judgment |

NONE ☒

**04B SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS**

Describe all property that has been attached garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE ☐

**05 REPOSSESSIONS FORECLOSURES AND RETURNS**

List all property that has been repossessed by a creditor sold at a foreclosure sale transferred through a deed in lieu of foreclosure or returned to the seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF REPOSSESSION,FORECLOSURE SALE, TRANSFER OR RETURN | NAME AND ADDRESS OF CREDITOR OR SELLER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| 04/29/2008 | Prairie Trail Credit Union | 2001 Chevy Impala |

NONE ☒

**06A ASSIGNMENTS AND RECEIVERSHIPS**

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

 NONE
X

06B ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the ands of a custodian receiver or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless spouses are separated and a joint petition is not filed.)

NONE
X

07 GIFTS

7List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
X

08 LOSSES

List all losses from fire theft other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE

09 PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY

List all payments made or property transferred by or on behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Thayer C. Torgerson<br>2400 N. Western Avenue<br>Suite 205<br>Chicago, IL 60647 | 06/12/08 | $500 |

 NONE
X

## 10A OTHER TRANSFERS

List all other property other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

 NONE
X

## 10B OTHER TRANSFERS

List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NONE
X

## 11 CLOSED FINANCIAL ACCOUNTS

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed sold or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking savings or other financial accounts certificates of deposit or other instruments; shares and share accounts held in banks credit unions pension funds cooperatives associations brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
X

## 12 SAFE DEPOSIT BOX

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
X

## 13 SETOFFS

List all setoffs made by any creditor including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

 14 PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

 15 PRIOR ADDRESS OF DEBTOR

If debtor has moved within three years immediately preceding the commencement of this case list all premises which the debtor occupied during that period and
vacated prior to the commencement of this case.  If a joint petition is filed report also any separate address of either spouse.

16 SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New
Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case identify the name of the debtor's
spouse and of any former spouse who resides or resided with the debtor in the community property state.

17A ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or
in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice and if known the Environmental Law:

17B ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental
unit to which the notice was sent and the date of the notice.



NONE
X

### 17C ENVIRONMENTAL INFORMATION

List all judicial or administrative proceedings including settlements or orders under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

NONE



X

### 18A NATURE LOCATION AND NAME OF BUSINESS

If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor or was self-employed in a trade, profession or other activity either full-or part-time within six years immediately preceding the commencement of this case or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the busiinesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

NONE



X

### 18B NATURE LOCATION AND NAME OF BUSINESS

Identify any business listed in response to subdivision a. ,above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

Unsworn Declaration SFA   (10/06)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Whisenton, Hilda F.

Debtor(s)   Case No.                (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 06/17/08        Signature /s/ Hilda F. Whisenton
                              Whisenton, Hilda F.

Date                 Signature
                     (if joint case, both spouses must sign.)

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

Printed or Typed Name of Bankruptcy Petition Preparer      Social Security Number
                                                           (Required by U.S.C.§110(c)).

Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets confirming to the appropriate Official Form for each person.

X_____        _____
Signature of Bankruptcy Petition Preparer                 Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the                                 (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the                                (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of                sheets, and that they are true and correct to the best of my knowledge, information, and belief.
    Continuation sheets attached

Date 06/17/2008        Signature

                       (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporatoin must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §152 and
3571.

**Blumberg**Excelsior, Inc., Publisher, NYC 10013

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT          DISTRICT OF ILLINOIS

In re:  Whisenton, Hilda F.                           Debtor(s)  Case No.                              (if known)

## STATEMENT
**Pursuant to Rule 2016(b)**

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:
   (a)  for legal services rendered or to be rendered in comtemplation of and in connection
        with this case                                                                                $         1200.00
   (b)  prior to filing this statement, debtor(s) have paid                                            $          500.00
   (c)  the unpaid balance due and payable is                                                          $          700.00

(3)  $ 299.00                                              of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:
   (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
        petition under title 11 of the United States Code.
   (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   (c)  representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
     performed, and

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
     earnings, wages and compensation for services performed, and

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
     any compensation paid or to be paid except as follows:

Dated:                          **Respectfully submitted,**                           **Attorney for Petitioner**
06/17/08                        /s/ Thayer C. Torgerson                Thayer C. Torgerson 620
**Attorney's name and address**
2400 North Western Avenue, Suite 205, Chicago, IL 60647

3092 - Verification of Creditor Matrix. 12/95   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ILLINOIS

**In re:** Whisenton, Hilda F.

Debtor(s)

Case No.

Chapter

# VERIFICATION OF CREDITOR MATRIX

The above-named debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Dated:  06/17/08

Debtor   /s/ Hilda F. Whisenton
         Whisenton, Hilda F.

Debtor   _____